IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Richard Brooks, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| -vs- | ) No. |
| | ) |
| City of Kankakee, Illinois, | ) |
| | ) |
| *Defendant*. | ) |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under Title VII of the Civil Rights Act of 1964. The jurisdiction of this Court is conferred by 42 U.S.C. § 2000e.

2. Plaintiff Richard Brooks is an African-American male who has been employed since June of 1996 by the City of Kankakee, Illinois as a police officer.

3. Defendant City of Kankakee, Illinois is a municipal corporation.

4. Plaintiff has repeatedly applied for promotion to the position of police sergeant.

5. In 2003, plaintiff joined with other African-American police officers in a Title VII action against defendant City of Kankakee, *Baptist v.*

*City of Kankakee*, C.D.Ill., No. 03-cv-2115. The parties settled the *Baptist* case in exchange for changes to hiring and promotional policies and payment of attorney fees. *Baptist v. City of Kankakee*, 481 F.3d 485 (7th Cir. 2007).

6. In the years following resolution of the *Baptist* litigation, defendant City of Kankakee undertook a variety of retaliatory acts against plaintiff, including repeatedly refusing to promote plaintiff to the position of sergeant.

7. Some of these retaliatory acts are set out in an April 25, 2016 letter to plaintiff from the former Chief of Police of the City of Kankakee, a copy of which is attached to this complaint as Exhibit 1.

8. The former Chief threatened plaintiff with discipline "up to and including termination" if he complained about disparate treatment the Chief had afforded to another police officer or if plaintiff made "disparaging remarks about the Police Department" to the EEOC.

9. Defendant continued to retaliate against plaintiff: on March 25, 2016, defendant passed over plaintiff in favor of a less qualified individual for a vacant police sergeant position.

10.     Plaintiff timely complained about the retaliation to the EEOC and received a notice of right to sue within 90 days preceding the filing of this action.

WHEREFORE plaintiff requests that the Court order plaintiff's promotion, with full backpay and benefits, to the next vacant position of police sergeant, and that the Court award attorney fees and costs.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200
*Attorneys for Plaintiff*

**Exhibit 1**



**Police Department**
385 East Oak Street
Kankakee, Illinois 60901
(815) 933-0401 – Fax (815) 933-0463
Police Web Site: www.kankakeepolice.com

04-25-16

Patrolman Richard Brooks

On 04-12-16 at about 5:00pm you attended a Police and Fire Commission Meeting at the Public Safety Center in the combined training room. At that meeting during the public comments section of the agenda, you stood up and made remarks about incidents you felt were not in accordance with what you believe to be proper policy and procedure and more specifically your belief that proper discipline has not occurred in given situations. This is the third such instance where I have either witnessed or heard about you making disparaging remarks about the Police Department. The others were at a hearing at the EEOC in Chicago in 2014, during a hearing on your complaint, which was found to have no merit, and at a discipline hearing in reference to your suspension on 02-19-16 in the Mayor's conference room, which was upheld by the Mayor.

During these instances you have made statements that are not true, and in fact damaging, to not only the Police Department, but your fellow officers and yourself. At the EEOC hearing you made reference numerous times about a Consent Decree the City was under from your law suit. No Consent Decree was ever entered. The only agreement coming from the law suit was an agreement to use a "Blue Ribbon Committee" for the purpose of providing advice on the next promotional process. The City did not lose the law suit and certainly no judgement was entered against the City. Your representations are factually false.

You also have made statements about a specific officer's drug use, his promotion and an accident in which he was involved. All of these incidents have been dealt with, and adjudicated by the Administration. The discipline administered by the Department to another officer is, quite frankly, none of your business or anyone else' for that matter, except for the officer involved. However, you may be

assured that the matter was handled with proper discipline involved, contrary to your inappropriate public statements.

You have taken it upon yourself to profess these inaccurate facts and stories to which you have no factual basis except what you think or what someone else may have told you. The instances you have alleged took place a number of years ago and yet you make public statements as if the incidents have recently happened.

You make these inaccurate and false claims at times that are beneficial only to you and have no bearing on the reason for the hearing or public meeting you are attending. You also use ambush type tactics to make these claims as to ensure that your claims can not be rebutted. In essence you are waging a battle against your own peers and damaging the Police Department as a whole.

I find you to be in gross violation of Kankakee Police Department Policy and Procedure.

340.3.2 (f), requires that you report any act by yourself or another that could result in criminal prosecution or discipline under this policy. In fact you waited 4 years to officially bring incidents to anyone in the command staff from the Police Department, but yet have now made numerous references to the incidents publically.

340.3.5 (ac), prohibits any on or off duty conduct which any employee knows or should reasonably know is unbecoming a member of the Kankakee Police Department, which is contrary to good order, efficiency and moral, or which tends to reflect unfavorably upon the Department or its members.

340.3.5 (af), prohibits giving false or misleading statements or misrepresenting or omitting material information to a supervisor, or any other person in a position of authority, in connection with any investigation or any reporting of department related business.

This continuing conduct of making false public statements regarding other officers and the Kankakee Police Department, in general, and your violations of the above sections of the Department Policy and Procedure cause me to take the following action.

I am hereby ordering you to cease any further public disparagement of the Kankakee Police Department or criticism of other police officers including the statement of inaccurate information, in public, or private, as it is your intent of having the person you are briefing in private, bring your inaccurate and false information forward publicly.

This order is hereby issued to you and any future violation of this policy will be grounds for your discipline up to and including termination of your appointment with the Kankakee Police Department.

Larry D. Regnier
Chief of Police