IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Richard Brooks, | ) |
| *Plaintiff,* | ) ) ) |
| -vs- | ) No. 17-cv-2265 ) |
| City of Kankakee, Illinois, | ) ) |
| *Defendant.* | ) |

## RESPONSE TO DEFENDANT'S
## MOTIONS IN LIMINE

Plaintiff does not object to defendant's motions in limine 2, 3, 4, 5, 6, 7, 9, and 11. Plaintiff shows below that the Court should deny motions in limine 1, 8, and 10.

### I.  Defendant's Motion in Limine 1

Defendant asks the Court in its first motion in limine to permit the use of evidence about the four complaints of discrimination plaintiff has filed with the Illinois Department of Human Rights. The Court should apply Rule 404(b) of the Federal Rules of Evidence to deny this motion.

Defendant provides the case numbers and briefly describes the nature of plaintiff's four IDHR complaints in ¶¶ 23-26 of its statement of undisputed material facts, ECF No. 16 at 6. Plaintiff's fourth IDHR charge (¶ 26 of defendant's facts), is the basis of this lawsuit; the IDHR resolved this claim without any fact finding. In seeking the admission of all four

IDHR charges, defendant does not attempt to explain why any of these complaints of discrimination is material to this lawsuit, a surprising omission when plaintiff characterized as an "undisputed immaterial fact" the assertions about the previous charges in his response to the motion for summary judgment. (ECF No. 19 at 18-19.)

Plaintiff's first IDHR charge concerned alleged discrimination in a promotion to sergeant in 2013. (ECF No. 16 at 6, ¶ 23.) Plaintiff's second and third IDHR charges concerned an alleged discriminatory suspension (ECF No. 16 at 6, ¶ 24) and an alleged discriminatory written reprimand. (ECF No. 16 at 6, ¶ 25.)

Evidence of previous complaints "must tend to show something other than a plaintiff's tendency to sue." *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 496 (7th Cir. 1998). If used to show a tendency to sue, evidence of previous complaints would violate Rule 404(b) of the Federal Rules of Evidence: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Defendant is mistaken in asserting that plaintiff will suggest to the jury that defendant has retaliated against him because he "beat the City" in his IDHR charges and that the jury should therefore be informed that

plaintiff lost his charges before the IDHR. . (ECF No. 22 at 3.) Plaintiff will not make any such improper argument: Plaintiff's retaliation claim is that the letter written by former Police Chief Regnier (ECF No. 1 at 7) "meets the standard for retaliation articulated by the Seventh Circuit in *Washington v. Ill. Dep't of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005) and approved by the Supreme Court in *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)." (ECF No. 19 at 36.) Plaintiff's retaliation claim turns on whether the former Chief's letter would "have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. at 68 (internal quotation omitted).

Any evidence that the IDHR found against plaintiff on three previous claims of discrimination would be unfairly prejudicial. "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988).

The First Circuit in *McDonough v. City of Quincy*, 452 F.3d 8 (1st Cir. 2006) upheld the exclusion of evidence that a police officer lost a previous suit against the city after he had been denied a promotion. The Court

rejected the City's argument "that this evidence was relevant because it showed that McDonough was litigious and had a history of bringing meritless lawsuits." *Id.* at 20. The First Circuit held that "while [the first] lawsuit was unsuccessful, there is nothing suggesting that it was fraudulently filed." *Id.*

The Seventh Circuit reached the same result in *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771 (7th Cir. 2001). The plaintiff in *Mathis* alleged that he had been discriminated again in seeking employment as a car salesperson. The defendant "tried to introduce evidence that Mathis had sued at least six other car dealerships for discrimination after they failed to hire him during roughly the same time period as his application to Phillips." *Id.* at 774. The plaintiff denied that he had filed fraudulent lawsuits and the district court refused to permit introduction of evidence about the other lawsuits. *Id.* at 775. The defendant appealed after the jury had found for the plaintiff on one of his claims. The Seventh Circuit affirmed, applying a "four-part test to determine whether evidence of prior acts is admissible." *Id.*

> This circuit has developed a four-part test to determine whether evidence of prior acts is admissible: "(1) the evidence must be directed toward establishing something at issue other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be

such that the jury could find that the act occurred and the party in question committed it; and (4) the prejudicial effect of the evidence must not substantially outweigh its probative value."

*Mathis*, 269 F.3d at 775–76 (citation omitted).

Defendant does not attempt to show that evidence about plaintiff's IDHR charges satisfies any of these tests, limiting its argument to whether evidence of IDHR or EEOC findings may be admissible. (ECF No. 22 at 2.) The primary case cited by defendant, *Young v. James Green Management, Inc.*, 327 F.3d 616 (7th Cir. 2003), arose from a case where the district court had refused to admit into evidence findings made by the EEOC that plaintiff had been discriminated against on the basis of their race. *Id.* at 624. The Seventh Circuit upheld that refusal of the district court to admit those findings. *Id.* at 625. The other case cited by defendant also related to evidence about agency findings made on the charge that preceded the lawsuit: *LaDolce v. Bank Admin. Institute*, 585 F.Supp. 975 (N.D.Ill 1984) (ECF No. 22 at 2) stated the general rule that EEOC findings "are admissible evidence which may be considered by the courts." *Id.* at 977. Neither of these cases involves the use in evidence of findings in IDHR or EEOC proceedings that involved claims of discrimination other than those at issue in the lawsuit.

The Court should therefore deny the motion and make plain that defendant may not introduce evidence about IDHR charges other than the charge that resulted in this case.

## II.    Defendant's Motion in Limine 8

Defendant asks the Court to extend Rule 615 of the Federal Rules of Evidence to exclude non-party witnesses during opening statements. (ECF No. 22 at 9.) The Court should reject this request.

Rule 615 requires the Court, on the request of a party or sua sponte, to "order witnesses excluded so that they cannot hear other witnesses' testimony." This Rule "relates exclusively to the time testimony is being given by other witnesses." *United States v. Brown*, 547 F.2d 36, 37 (3d Cir. 1976).

The Court, however, has discretion to exclude witnesses during opening statements. *United States v. West*, 607 F.2d 300, 306 (9th Cir. 1979). Defendant does not attempt to show why the Court should exclude witnesses before opening statements, but instead asserts the conclusion that exclusion of witnesses during opening statement "will avoid the appearance, and prevent the reality, of witnesses adjusting their testimony based on other testimony." (ECF No. 22 at 9.)

Defendant is unable to identify any witnesses who will "adjust" his or her testimony and depart from their deposition testimony.

Defendant is mistaken in relying on this Court's order in *Crecy v. Kankakee School District* #111, 2017 WL 6945336, (C.D. Ill., 2017) as supporting this extension of Rule 615. There, without objection by plaintiff, the Court made the following order:

> Defendants move to exclude all witnesses, except Plaintiff and designated representatives of the parties and the witness actually testifying, from the courtroom during the entire course of the trial pursuant to Federal Rule of Evidence 615. Plaintiff does not object. Defendants' motion is GRANTED on this ground. The court will issue all necessary and proper instructions during the course of trial.

*Kankakee School District* #111, 2017 WL 6945336, at *2.

As in *United States v. Brown, supra*, defendant has not made any "attempt to inform the district court why failure to exclude witnesses during the [] opening statement might prejudice [defendant]." 547 F.2d at 37. The Court should therefore deny defendant's motion in limine 8.

### III.    Motion in Limine 10

Defendant asks the Court to prevent plaintiff from offering "improper medical testimony" about his emotional distress. (ECF No. 22 at 10-11.) Plaintiff, of course, does not intend to offer "improper" evidence of any sort.

The law in this circuit is clearly established that "[a]n award for nonpecuniary loss can be supported ... solely by a plaintiff's testimony about his or her emotional distress." *Tullis v. Townley Eng'g & Mfg Co., Inc.*, 243 F.3d 1058, 1068 (7th Cir. 2001). There, the plaintiff testified "that he felt 'low' and 'degraded' by his employer's conduct in August of 1996 and 'back-stabbed' when the company opposed his unemployment compensation." *Id.* at 1067. The Seventh Circuit held that the plaintiff's testimony about his emotional distress justified the jury verdict. *Id.* at 1069.

The Seventh Circuit also upheld a jury verdict for emotional distress on the plaintiff's testimony in *Pickett v. Sheridan Health Care Center*, 610 F.3d 434 (7th Cir. 2010). There, the plaintiff "testified that she was very upset by how Sheridan treated her, felt embarrassed talking to her children, and nearly became homeless as a result of her discharge." *Id.* at 446.

Defendant appears to agree that, as the Seventh Circuit has repeatedly held, plaintiff's testimony—without evidence of treatment and without testimony from an expert—can support an award of emotional distress damages. Defendant's argument appears to be limited to barring testimony from plaintiff that he "suffered depression" after he was passed over for promotion to sergeant and after he received the letter from former Police Chief Regnier (ECF No. 1 at 7), threatening discharge if plaintiff contin-

ued to complain about discrimination. (ECF No. 22 at 22.) The Court should reject this argument.

The Seventh Circuit upheld an award of compensatory damages on the plaintiff's testimony that "she became depressed, angry and humiliated" in *David v. Caterpillar, Inc.*, 324 F.3d 851, 864 (7th Cir. 2003). Similarly, the Court of Appeals upheld an award of compensatory damages in *Fleming v. County of Kane, State of Ill.*, 898 F.2d 553 (7th Cir. 1990) where the plaintiff had "testified to his embarrassment and humiliation at being reprimanded in front of his fellow employees, some of whom he had worked with for many years. Moreover, he testified to certain depression he suffered during the period in question, as well as to serious headaches and sleeplessness." *Id.* at 562. Likewise, in *David v. Caterpillar, Inc.*, 324 F.3d 851 (7th Cir. 2003), the Court upheld an award of emotional distress in a Title VII cases where the employee had testified that the discriminatory acts caused her to become "depressed, angry and humiliated." *Id.* at 864.

There is no merit in any argument that plaintiff may not testify about his emotional distress "because he did not seek (let alone receive)" professional treatment. (ECF No. 22 at 11.) The Seventh Circuit rejected this precise argument in *Deloughery v. City of Chicago*, 422 F.3d 611 (7th Cir. 2005), where the defendant argued that plaintiff "never has sought

professional help for her emotional distress." *Id.* at 619. The Court reiterated its holding in *Tullis v. Townley Engineering & Manufacturing Co., Inc.*, 243 F.3d 1058, 1068 (7th Cir. 2001), that "[a]n award for nonpecuniary loss can be supported, in certain circumstances, solely by a plaintiff's testimony about his or her emotional distress." *Deloughery*, 422 F.3d at 619-20. The Court also repeated its holding in *Tulis* that "[t]he jury was entitled as well to conclude that she need not have consulted a mental health professional." *Id.* at 620 n.5.

The Court should therefore deny defendant's' motion in limine 10.

          Respectfully submitted,

/s/ <u>Kenneth N. Flaxman</u>
    Kenneth N. Flaxman
    ARDC No. 08830399
    Joel A. Flaxman
    200 S Michigan Ave Ste 201
    Chicago, IL 60604-2107
    (312) 427-3200

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Michael W. Condon and G. David Mathues, all at HERVAS, CONDON & BERSANI, P.C., 333 W. Pierce Road, Suite 195, Itasca, IL 60143-3156  and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/  Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 201
Chicago, Illinois 60604
(312) 427-3200
*an attorney for plaintiff*