**E-FILED**
Monday, 15 April, 2019  12:39:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Richard Brooks, )<br>)<br>*Plaintiff*, )<br>)<br>-vs- )<br>)<br>City of Kankakee, Illinois, )<br>)<br>*Defendant*. ) | No. 17-cv-2265 |

## FINAL PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Kenneth N. Flaxman having appeared as counsel for the plaintiff, and

Charles E. Hervas and G. David Mathues having appeared as counsel for the defendant(s),

the following action was taken:

### I.   NATURE OF ACTION AND JURISDICTION

This is an action for retaliation arising under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff filed a timely charge of discrimination with the Illinois Department of Human Rights and the EEOC and filed this action following receipt of his notice of right to sue. Plaintiff in-

vokes the jurisdiction of the Court under 42 U.S.C. § 2000e. The jurisdiction of the Court is not disputed.

## II.   EXHIBITS ATTACHED

The following are attached as exhibits to this order and are made a part hereof:

A. Stipulation of uncontested material facts
B. Joint statement of uncontested issues of law
C. Joint statement of all contested material facts and issues of law
D. List of witnesses
E. List of Exhibits
F. Proposed Jury Instructions (Joint)
G. Plaintiff's Proposed Instructions
H. Defendant's Proposed Instructions

**IT IS UNDERSTOOD BY THE PARTIES THAT:**

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed three full days. The case is set for trial to begin on April 30, 2019.

Once a final version of this order has been approved by the Court, it may be modified at the trial of the action, or prior thereto, only to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion

Dated: April 15, 2019

s/Colin S. Bruce

___                                    ___

Colin Stirling Bruce
United States District Judge

### EXHIBIT A: Stipulation of Uncontested Material Facts

The parties, by their respective undersigned counsel, stipulate and agree to the truth of the following:

1.  Plaintiff Richard Brooks is an African-American male who has been a patrolman for the Kankakee Police Department for more than 22 years.

2.  Defendant City of Kankakee is a duly-incorporated municipality that maintains a police force.

3.  At all relevant times, Kankakee Police Department has consisted of about 67 officers, including about 12 sergeants, 5 lieutenants, and a Patrol Commander, Investigations Commander, Deputy Chief, and Chief.

4.  Larry Regnier was the Deputy Chief of the Kankakee Police Department from 2000 to 2010 and then Chief of Police from 2010 until he retired on May 1, 2016.

5.  The Kankakee Police Department promotes officers to sergeant through a competitive examination process, and both notice that testing will occur and the candidates' scores are publicly posted.

6.  In 2003, Brooks and four other African-American KPD officers sued the City over alleged racial discrimination in promotion to sergeant.

7.  The plaintiffs lost at trial, and entered into an agreed order while the appeal was pending. Among the provisions of the agreed order

was the creation of a "Blue Ribbon Committee" to review the Police De-
partment's hiring and promotional testing.

8.      On April 25, 2016, then Police Chief Regnier gave a letter to

plaintiff, introduced in evidence as Exhibit 1.

So stipulated this 15 day of April, 2019


/s/ Kenneth N. Flaxman                     /s/ G. David Mathues
Kenneth N. Flaxman                        G. David Mathues
*an attorney for plaintiff*                  *an attorney for defendant*

## Exhibit B: Joint Statement of Uncontested Issues of Law

The parties, by their respective undersigned counsel, agree that the following are uncontested issues of law:

1.     Title VII of the Civil Rights Act of 1964, as amended, provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment [among other things] … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C.A. § 2000e-3(a).

2.     To prevail on his Title VII retaliation claim, plaintiff must prove that (1) he engaged in an activity protected by the statute; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.

3.     Richard Brooks is African-American and is therefore a "member of the class protected by the statute" for purposes of a Title VII lawsuit.

## Exhibit C: Joint Statement of Contested Material Facts and Issues of Law

### A. Contested Material Facts

1.    Are the statements plaintiff made to the EEOC in 2014 and to the Police and Fire Commission in 2016 about a "consent decree" false, and if false, did plaintiff make those statements intending to make the police department look bad?

2.    Are the statements plaintiff made to the EEOC in 2014 and to the Police and Fire Commission in 2016 about Paul Berge's illegal drug use and Berge's false report about crashing an automobile while leaving a tavern incorrect and, if so, did plaintiff make those statements intending to make the police department look bad?

3.    Did Chief Regnier send Brooks the letter of reprimand dated April 26, 2016 because of Brooks' activities that were protected by Title VII, or for some other reason?

4.    The nature and extent of Brooks' damages for emotional distress and entitlement, if any, to punitive damages.

### B. Contested Issues of Law

The Court resolved the contested issues of law in its order on defendant's motion for summary judgment, ECF No. 27.

## WITNESS LIST FOR PLAINTIFF

| Case Name: *Brooks v. City of Kankakee* | Case No. 17-cv-2265 | Page No. 1 of 1 |
|---|---|---|

Parties reminded to review Local Rule 5.11 regarding redactions.

| Witness Name | Address (City / State Only) | Rule 26(a)(2)(B) Expert | Adverse |
|---|---|---|---|
| Larry Regnier | Kankakee, Illinois | No | Yes |
| Richard Brooks | Kankakee, Illinois | No | No |
| Chris Kidwell (may call) | Kankakee, Illinois | No | Yes |
| Robin Passwater (may call) | Kankakee, Illinois | No | Yes |

## WITNESS LIST FOR DEFENDANTS

| Case Name: *Brooks v. City of Kankakee* | Case No. 17-cv-2265 | Page No. 1 of 1 |
| --- | --- | --- |

Parties reminded to review Local Rule 5.11 regarding redactions.

| Witness Name | Address (City / State Only) | Rule 26(a)(2)(B) Expert | Adverse |
| --- | --- | --- | --- |
| Larry Regnier | Kankakee, Illinois | No | No |
| Robin Passwater | Kankakee, Illinois | No | No |
| Christopher Kidwell | Kankakee, Illinois | No | No |
| Richard Brooks | Kankakee, Illinois | No | **Yes** |
| Lory Newcomb (may call) | Chicago, Illinois | No | No |
| Dawn Landwehr (may call) | Kankakee, Illinois | No | No |
| Willie Davis (may call) | Kankakee, Illinois | No | No |
| Nickey Yates (may call) | Kankakee, Illinois | No | No |

## JOINT EXHIBIT LIST

| Case Name: *Brooks v. City of Kankakee* | Case No. 17-cv-2265 | Page No. 1 of 1 |
|---|---|---|

| No. | Description | Admit w/out Objection | Authentication Waived | Objection |
|---|---|---|---|---|
| 1 | Letter from Larry Regnier to Richard Brooks, 04/26/16 | Y | Y | |
| 2 | Agreed Order resolving the remaining claims in the *Baptist* litigation. | Y | Y | |
| 3 | [IDHR Charge that survived summary judgment ruling] | Y | Y | |
| 4 | Berge Last Chance Agreement | Y | Y | |

# EXHIBIT LIST FOR DEFENDANTS

| Case Name: *Brooks v. City of Kankakee* | Case No. 17-cv-2265 | Page No. 1 of 1 |
|---|---|---|

| No. | Description | Admit w/out Objection | Authentication Waived | Plaintiff's Objection |
|---|---|---|---|---|
| 1 | 2011 Kankakee PD Sergeants' Promotional Roster (with subscores) | | Yes | Relevancy |
| 3 | 2014 Kankakee PD Sergeants' Promotional Roster (with subscores) | | Yes | Relevancy |
| 2 | Richard Brooks' Original Score Sheets from 2014 Sergeants' Promotional Exam | | Yes | Relevancy |
| 3 | Letter from Larry Regnier to Patrolman Richard Cox, 09/26/12 | | Yes | Relevancy |
| 4 | Letter from Larry Regnier to Patrolman  Michael Shreffler, 02/10/16 | | Yes | Relevancy |

# Agreed Jury Instructions

| 7th Cir. | Page |
|---|---|
| 1.01 | 1 |
| 1.02 | 2 |
| 1.03 | 3 |
| 1.04 | 4 |
| 1.05 | 5 |
| 1.06 | 6 (withdrawn) |
| 1.07 | 7 |
| 1.08 | 8 |
| 1.09 | 9 |
| 1.11 | 10 |
| 1.12 | 11 |
| 1.13 | 12 |
| 1.14 | 13 |
| 1.16 | 14 |
| 1.17 | 15 |
| 1.18 | 16 |
| 1.27 | 17 |
| 1.31 | 18 |
| 1.32 | 19 |
| 1.33 | 20 |
| 1.34 | 21 |
| 2.01 | 22 |
| 2.14 | 23 |
| 3.09 | 24 |
| 3.10 | 25 |

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Agreed 1
Seventh Circuit 1.01

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Agreed 2
Seventh Circuit 1.02
(To be used only if Court asked a question.)

Given _____
Refused _____
Modified _____
Withdrawn _____

The defendants City of Kankakee is a municipal corporation.  All parties are equal before the law. A municipal corporation is entitled to the same fair consideration that you would give any individual person.

Agreed 3
Seventh Circuit 1.03

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-3-

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

[A stipulation is an agreement between both sides that certain facts are true.]

Agreed 5
Seventh Circuit 1.04
(Bracketed text to be used only if a stipulation is entered into evidence.)

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-4-

During the trial, the testimony of Michael Bosco was presented to you by pre-recorded video. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Agreed 6
Seventh Circuit 1.05
(Modified to reflect pre-recorded video, rather than reading of a deposition.)

Given          _____
Refused        _____
Modified       _____
Withdrawn       xxx

-5-

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Agreed 7
Seventh Circuit 1.06

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-6-

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Agreed 8
Seventh Circuit 1.07

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Agreed 8
Seventh Circuit 1.08

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Agreed 9
Seventh Circuit 1.09
(To be used only if evidence admitted for limited purpose.)

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

You should use common sense in weighting the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Agreed 10
Seventh Circuit 1.11

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-10-

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Agreed 11
Seventh Circuit 1.12

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

-11-

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- The ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- The witness's memory;

- Any interest, bias, or prejudice the witness may have;

- The witness's intelligence;

- The manner of the witness while testifying; and

- The reasonableness of the witness's testimony in light of all the evidence in the case.

Agreed 12
Seventh Circuit 1.13

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-12-

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Agreed 13
Seventh Circuit 1.14
(To be given only if a prior inconsistent statements.)

Given       _____
Refused     _____
Modified    _____
Withdrawn   _____

-13-

It is proper for a lawyer to meet with any witness in preparation for trial.

Agreed 14
Seventh Circuit 1.16

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses

Agreed 15
Seventh Circuit 1.17

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

-15-

.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Agreed 16
Seventh Circuit 1.18

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in this case, you must be persuaded that it is more probably true than not true.

Agreed 17
Seventh Circuit 1.27

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-17-

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Agreed 18
Seventh Circuit 1.31

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

-18-

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you.

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

Agreed 19
Seventh Circuit 1.32

Given      _____
Refused    _____
Modified   _____
Withdrawn  _____

-19-

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Agreed 20
Seventh Circuit 1.33


Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your difference with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous vote.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Agreed 21
Seventh Circuit 1.34

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-21-

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Agreed 22
Seventh Circuit 2.01

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

-22-

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Agreed 23
Seventh Circuit 2.14
(only if appropriate)

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

If you find that Plaintiff has proved his claim, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove all of his claims, then you will not consider the question of damages.

Agreed 24
Seventh Circuit 3.09

Given        _____
Refused      _____
Modified     _____
Withdrawn    _____

-24-

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should consider the following type of compensatory damages, and no other:

The physical and mental and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future.  No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of these factors.  You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Agreed 25
Seventh Circuit 3.10


Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-25-

Plaintiff received a written reprimand from Chief Regnier on April 25, 2016. Plaintiff claims that this reprimand was issued in retaliation for staetments plaintiff made at a Police and Fire Commission meeting in 2016, statements plaintiff made in the Mayor's office during an appeal hearing for a Reprimand plaintiff had received for violating the Kankakee Police Department pursuit policy, and statements plaintiff made to the Illinois Department of Human rights in Chicago in 2014.

To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that (1) he engaged in an activity protected by the statute; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse action.

The Court has determined that the written reprimand was an adverse employment action and that there was a clear, direct causal link between Plaintiff's activity and the adverse employment action. Thus, the issue for you to decide is whether any of the statements plaintiff made to the Police and Fire Commission, at the Mayor's office, and to the Illinois Department of Human Rights, were activity protected by statute.

To determine whether any of the statements plaintiff made to the Police and Fire Commission, at the Mayor's office, and to the Illinois Department of Human Rights, were activity protected by statute, you should

consider whether plaintiff was trying to make the police department look bad or whether plaintiff was speaking in opposition to preferential treatment on the basis of race.

In you find by that Plaintiff has proved this by a preponderance of the evidence any of the statements he made to the Police and Fire Commission, at the Mayor's office, and to the Illinois Department of Human Rights, were activity protected by statute, then you find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for defendant.

Plaintiff's Issue Instruction 1
Derived from Court's ruling on summary judgment, ECF No. 27

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

Plaintiff claims he was issued a disciplinary letter because he had participated in Title VII proceedings against Defendant. To succeed on his claims, Plaintiff must prove by a preponderance of the evidence that the Defendant issued him a disciplinary letter because of his participation in Title VII proceedings against the Defendant. To determine that Plaintiff was issued a disciplinary letter because of his participation in Title VII proceedings against Defendant, you must decide that Defendant would not have issued a disciplinary letter against Plaintiff if he had not participated in Title VII proceedings against the Defendant but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if, you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

Source: Seventh Circuit Pattern 3.02 (Modified)
Defendant's Instruction Number 1

Given          _____
Refused        _____
Modified       _____
Withdrawn      _____

-1-

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your only concerns as whether Plaintiff proved that Defendant issued him a disciplinary letter because of his participation in Title VII proceedings against the Defendant.

Source: Seventh Circuit Pattern 3.07 (Modified)
Defendant's Instruction Number1

Given          _____
Refused        _____
Modified       _____
Withdrawn        _____

-2-