IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| RICHARD BROOKS, ) | |
|         Plaintiff, ) | Case No. 17-cv-2265 |
| ) | |
| v. ) | Judge Colin Stirling Bruce |
| ) | |
| CITY OF KANKAKEE, ILLINOIS, ) | Magistrate Judge Eric I. Long |
| ) | |
|         Defendant. ) | Jury Demand |

### DEFENDANT'S OMNIBUS SUPPLEMENTAL PRETRIAL MOTION

NOW COMES Defendant, CITY OF KANKAKEE, ILLINOIS, by and through its attorneys, CHARLES E. HERVAS, MICHAEL W. CONDON, and G. DAVID MATHUES of HERVAS, CONDON & BERSANI, P.C., and submits the following pretrial motions.

### CONTEXT

At the end of the Final Pretrial Conference on April 15, 2019, this Court instructed the parties to submit any final motions in limine, objections to the other side's jury instructions, and additional voir dire questions by close of business on April 19, 2019. Defendant submits this motion pursuant to that order, and, for the sake of economy, has addressed all issues in a single motion.

### MOTION IN LIMINE NO. 12

### MOTION TO BAR ARGUMENT THAT DATE WRITTEN ON BERGE'S LAST CHANCE AGREEMENT IS NOT A SCRIVENER'S ERROR

The "Last Chance Agreement" KPD Officer Paul Berge signed, once his misconduct came to light, will be discussed at trial. It is a joint exhibit, to be admitted without objection. (Dkt. # 30, Final Pretrial Order, p. 10) As the Court recognized in its summary judgment order, the handwritten date on that agreement appears to be April 6, 2015. (Dkt. # 27, Order p. 16 n.4) But as the Court also recognized, that date is a scrivener's error. (*Id.*) All external evidence shows that the actual date was April 5, 2016. (*Id.*) No party has argued differently to date. For the sake of accuracy and to avoid

jury confusion and unfair surprise, Defendant asks this Court to bar any argument that the actual date listed is anything more than a scrivener's error.

WHEREFORE, Defendant requests that this Court grant its Twelfth Motion in Limine and bar argument that the date written on Berge's Last Chance Agreement is anything but a scrivener's error.

## JURY INSTRUCTIONS

This Court's Standing Order makes the authoritative role of pattern jury instructions clear: "Pattern jury instructions must be used if there is a relevant Seventh Circuit pattern instruction. Non-pattern instructions are discouraged unless necessity compels their usage." (Standing Order, Chambers of Hon. Colin S. Bruce, U.S. District Judge, available at https://www.ilcd.uscourts.gov/sites/ilcd/files/local_rules/general%20rules%201-22-18_0.pdf) The evenhanded principle is sufficient to resolve the parties' few disputes over jury instructions.

**Issue Instruction.** Despite the Court's Standing Order, and despite the Seventh Circuit Pattern Instruction which covers retaliation-based employment discrimination cases such as this one, Plaintiff does not even purport to follow that Pattern Instruction. Rather, he cherry-picks language from this Court's partial grant of summary judgment to the Defendant, and identifies that ruling as his only authority for his novel issue instruction. (Dkt. # 29, Final Pretrial Order, pp. 38-39) That non-standard practice alone is sufficient to reject his proposed issue instruction.

But there are other reasons, if the Court needs them. It covers a full page and a half, and is thus cumbersome and confusing to the jury. Plaintiff's proposal tells the jury that the "Court has determined" certain things. Such language is further likely to confuse or prejudice the jury, and is unjustifiable in the absence of wider use. Moreover, the proposed instruction recites facts that remain for the jury to decide, and thereby usurps the jury's role. It misrepresents the Court's Summary Judgment ruling, and contradicts the statutes and case law, by treating one material fact,

namely, whether Brooks was making false statements of fact in his public comments which prompted the April 25, 2016 letter, as the *sin qua non* of retaliation. Most egregiously, it strategically omits the "but-for" causation test the pattern instruction contains (the "had everything else been the same" language). For all these reasons, the Court should reject Plaintiff's issue instruction.

Unlike Plaintiff, Defendant's proposed issue instruction tracks the applicable pattern instruction, which is Seventh Circuit Pattern Civil Jury Instruction # 3.02. (Dkt. # 29, Final Pretrial Order, p. 40) Thus, it should be adopted. The only legitimate question is how to fill in the pattern instruction's bracketed language to describe the allegedly protected activity and the allegedly retaliatory act in the case at issue. Defendant made a good-faith effort to do that. (*Id.*) But if the Court believes there is a more accurate description for the bracketed language, Defendant is open to such modifications, *so long as it is the authoritative and evenhanded Seventh Circuit Pattern Civil Jury Instruction 3.02*, and not Plaintiff's idiosyncratic and self-serving instruction, that forms the outline.[1]

In addition, the comments to Seventh Circuit Pattern Civil Jury Instruction 3.02 states that it "is to be used in Title VII, § 1981, and ADEA cases *after the general instruction*." Seventh Circuit Pattern Civil Jury Instruction 3.02, Committee Comment a, available at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf. Undersigned counsel acknowledges that he overlooked that instruction from the Seventh Circuit when initially submitting jury instructions. But in light of the comment, and this Court's Standing Order regarding the mandatory use of pattern instructions, Defendant submits that the Court should give Seventh Circuit Pattern Civil Jury Instruction 3.01, followed by 3.02.

**Cautionary Instruction on Reasonableness.** Seventh Circuit Pattern Civil Jury Instruction 3.07 reminds the jury that the issue is whether the Defendant's actions were *illegal*, not whether they

---

[1] For example, if the Court believes that the phrase "written reprimand" is preferable to "disciplinary letter," the Defendant would have no objection.

were "wise, reasonable, or fair." Seventh Circuit Pattern Civil Jury Instruction 3.07, available at http://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf. The Defendant submitted such a proposed instruction here. (Dkt. # 29, Final Pretrial Order, p. 41) Plaintiff, for obviously tactical reasons, does not want the instruction given. But it is a pattern instruction, and thus should be given. The instruction reflects the settled principle that federal courts are not "super-employment" departments, second-guessing the judgment of employers. *Gates v. Caterpillar, Inc.*, 513 F.3d 680, 689 (7th Cir. 2008). This is as true for juries as it is for judges.

The cautionary instruction is particularly important here because the unique nature of police work makes workplace discipline even more important than in ordinary jobs. The Seventh Circuit has found that the paramilitary nature of police work and police responsibilities creates a greater need for police departments to regulate employee conduct in order to maintain internal morale, instill public confidence, and ensure that the chain of command is followed. *See, e.g.*, *Kokkinis v. Ivkovich*, 185 F.3d 840, 845 (7th Cir. 1999). For this reason, police departments are given greater deference in making employment decisions. *Id.* To be clear, the unique nature of police work is *not*, as Plaintiff may twist Defendant's argument, a free pass to commit *illegal* discrimination. It does, however, warrant a caution to the jury to decide *only* whether there was illegal discrimination, and that is why the cautionary instruction is necessary.

## *VOIR DIRE QUESTIONS*

Defendant respectfully asks this Court to add the following questions to its voir dire of the jury:

- Have you ever served in the armed forces? If yes, please give your branch of service, years of service, highest rank, and type of discharge.

- Have you ever been formally disciplined at work, e.g., suspended or had a written reprimand placed in your file? If yes, please identify the type of discipline and the general subject matter of the discipline.

4

- Have you ever filed a formal complaint of employment discrimination, whether in any court, or before a government agency, or your union? If yes, please identify the venue where you filed the complaint and approximate year it was filed.

- Have you ever been accused of illegally discriminating against someone else while at work? If yes, please identify the kind of discrimination you were accused of and the approximate year the accusation was made.

WHEREFORE, Defendant respectfully asks this Court to grant the relief requested in Defendant's Omnibus Supplemental Pretrial Motion.

Respectfully submitted,

/s/ **G. David Mathues**
CHARLES E. HERVAS, ARDC No. 06185117
MICHAEL W. CONDON, ARDC No. 06192071
G. DAVID MATHUES, ARDC No. 06293314
*Attorneys for Defendant*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774   F: 630-773-4851
chervas@hcbattorneys.com
mcondon@hcbattorneys.com
dmathues@hcbattorneys.com

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| RICHARD BROOKS, ) | |
| ) | Case No. 17-cv-2265 |
| Plaintiff, ) | |
| ) | Judge Colin Stirling Bruce |
| v. ) | |
| ) | Magistrate Judge Eric I. Long |
| CITY OF KANKAKEE, ILLINOIS, ) | |
| ) | Jury Demand |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on **April 19, 2019,** I electronically filed the foregoing ***Defendant's Omnibus Supplemental Pretrial Motion*** with the Clerk of the District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, which will send notification to the following CM/ECF participants:

TO:   Kenneth N. Flaxman
      Joel A. Flaxman
      Kenneth N. Flaxman P.C.
      200 S. Michigan Ave., Ste. 201
      Chicago, IL  60604
      knf@kenlaw.com
      jaf@kenlaw.com

                                              /s/ **G. David Mathues**
                                              CHARLES E. HERVAS, ARDC No. 06185117
                                              MICHAEL W. CONDON, ARDC No. 06192071
                                              G. DAVID MATHUES, ARDC No. 06293314
                                              *Attorneys for Defendant*
                                              HERVAS, CONDON & BERSANI, P.C.
                                              333 Pierce Road, Suite 195
                                              Itasca, IL 60143-3156
                                              P: 630-773-4774   F: 630-773-4851
                                              chervas@hcbattorneys.com
                                              mcondon@hcbattorneys.com
                                              dmathues@hcbattorneys.com