IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| Richard Brooks, | ) |
| *Plaintiff*, | ) ) ) |
| -vs- | ) No. 17-cv-2265 |
| City of Kankakee, Illinois, | ) ) ) |
| *Defendant.* | ) |

# PLAINTIFF'S SUPPLEMENTAL MOTIONS IN LIMINE

Plaintiff, by counsel, submits the following supplemental motions in limine.

## I.   "Agreed order" and "consent decree"

There is no dispute, as the Court stated, that an "agreed order" resolved the *Baptist* litigation. (ECF No. 27 at 31.) There is also no dispute that a document entitled "consent decree" is not part of the record in *Baptist. Id.* at 31.

The Court observed in its ruling on defendant's motion for summary judgment: "Plaintiff's comments at the EEOC and Police and Fire Commission about a 'Consent Decree' seemed to particularly rankle Regnier." (ECF No. 27 at 30.) For the reasons set out below, the Court should bar defendant from seeking to buttress its defense with evidence or argument that plaintiff made "factually false" statements about the consent decree.

Plaintiff testified at his deposition that he recalls seeing a document that he described as a "Consent Decree" which provided "than an employee would not be a part of the testing process." (ECF No. 16-1 at 7, Brooks Dep. 22:20-21.) Brooks stated that he "definitely remember[s] a Consent Decree being advised to us by my past attorney." (ECF No. 16-1 at 5, Brooks Dep. 14:11-12.) Brooks does not have a copy of that document (*Id.*, Brooks Dep. 14:23) and recalls that it covered "five years or two testing periods or whichever came last." (*Id.*, Brooks Dep. 14:18-19.) (The "agreed order" in the *Baptist* litigation extended for five and a half years or two testing periods. *Baptist v. Kankakee*, 03-cv-2115, ECF No. 194 at 3, ¶ 9.)

Defendant may seek to cross-examine plaintiff about the "consent decree," and inquire, as it did at plaintiff's deposition:

1. Was the "consent decree" ever filed with the federal court? (ECF No. 16-1 at 5, Brooks Dep. 15:18-22.)

2. Do you know who has a copy of the "consent decree?" (ECF No. 16-1 at 5, Brooks Dep. 16:4-5.)

3. Who was present when you discussed the "consent decree/" (ECF No. 16-1 at 17, Brooks Dep. 62:7-8.)

The Court should bar cross-examination about these matters.

First, there is no difference between an "agreed order" and a "consent decree." See, e.g., *U.S. v. Cook County, Illinois*, 761 F. Supp. 2d 794, 796 (N.D. Ill. 2011) (referring to "a consent decree (referred to by the parties as the 'Agreed Order')."). Both serve as a "court-approved contract or consent decree." *In re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000) (confirmed plan in bankruptcy).

Second, cross-examination about the "consent decree" is likely to inject extraneous issues about the attorney who represented plaintiff in the *Baptist* litigation. An obvious cross-examination question would be "Have you tried to get a copy of the consent decree from the attorney who represented you in the *Baptist* litigation?" And, after plaintiff truthfully answered "no," the logical follow-up question would be "Why not?" Plaintiff's response to this question will take the trial down a rabbit hole: Plaintiff testified at his deposition that he had "sever[ed] his relationship with *Baptist* counsel. (ECF No. 16-1 at 5, Brooks Dep. 15:21) because he had "sold us out for money." (*Id.*, Brooks Dep. 16:6-7.) (The agreed order provided counsel with $67,000 in fees.)

Third, and most importantly, whether plaintiff is mistaken about the existence of a "consent decree" separate from the "agreed order" is not material. "[I]t is good faith and reasonableness, not the fact of discrimina-

tion, that is the critical inquiry in a retaliation case." *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179, 1182 (7th Cir. 1982). Defendant cannot show that plaintiff's reference to a "consent decree" rather than to an "agreed order" was "utterly baseless." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1315 (7th Cir. 1989). If asked on cross-examination, plaintiff will testify that he sincerely believes that there was a consent decree. (Plaintiff will not inject this issue in direct examination or otherwise in his case in chief.) Cross-examining plaintiff about the existence of a "consent decree" separate from the "agreed order" will not assist the jury in resolving the contested facts in this case.

## II.  Statements made at an EEOC hearing in 2014

The Court granted plaintiff's motion in limine to bar testimony about plaintiff's discrimination charges other than a portion of the third charge, #2016-CA-2470. (ECF No. 28 at 3.)

Evidence at trial will include former Chief Regnier's letter of April 25, 2016 which includes a reference to "a hearing at the EEOC in Chicago in 2014."

Whether plaintiff's complaint that was the basis of the 2014 hearing did, or did not, have merit is not material., *Rucker v. Higher Educational Aids Bd.*, *supra*, 669 F.2d at 1182, as long as the complaint was not "utterly

baseless." *Holland v. Jefferson Nat. Life Ins. C*o., *supra*, 883 F.2d at 1315. Consistent with the Court's previous ruling, absent any door opening by plaintiff on this issue, defendant should therefore be precluded from introducing any evidence about the substance of the 2014 EEOC hearing, other than that contained in the letter of April 25, 2016.

Respectfully submitted,

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC No. 08830399
Joel A. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2107
(312) 427-3200

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of April, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Charles Hervas, Michael W. Condon and G. David Mathues, all at HERVAS, CONDON & BERSANI, P.C., 333 W. Pierce Road, Suite 195, Itasca, IL 60143-3156  and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ Kenneth N. Flaxman
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 201
Chicago, Illinois 60604
(312) 427-3200
*an attorney for plaintiff*