E-FILED
Thursday, 02 May, 2019 08:06:41 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| RICHARD BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-2265 |
| | ) | |
| CITY OF KANKAKEE, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or any opinion on what the outcome of the case should be.

The Defendant City of Kankakee is a municipal corporation. All parties are equal before the law. A municipal corporation is entitled to the same fair consideration that you would give any individual person.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

6

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

11

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- -the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- -the witness's memory;

- -any interest, bias, or prejudice the witness may have;

- -the witness's intelligence;

- -the manner of the witness while testifying;

- -the witness's age;

- -and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party, or a witness under oath, before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff claims that he was issued a disciplinary letter by Defendant because of his statements to the EEOC in 2014, his statements in the Mayor's office in February 2016, and his statements at the Police and Fire Commission Meeting in Spring 2016. To succeed in this claim, Plaintiff must prove two things by a preponderance of the evidence:

1. His statements to the EEOC in 2014 and his statements in the Mayor's office in February 2016 and his statements at the Police and Fire Commission Meeting in Spring 2016 were based on a reasonable, good faith belief that Paul Berge was treated better because of his race and that the KPD was violating a court order related to employment practices. This does not, however, require Plaintiff to show that what he believed was correct.

2. Defendant would not have issued the disciplinary letter to Plaintiff if he had not made the statements to the EEOC in 2014 or made the statements in the Mayor's office in February 2016 or made the statements at the Police and Fire Commission Meeting in Spring 2016 but everything else had been the same.

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved Defendant issued a disciplinary letter to Plaintiff because of his statements to the EEOC in 2014 or his statements in the Mayor's office in February 2016 or his statements at the Police and Fire Commission Meeting in Spring 2016, and whether those statements were based on a reasonable, good faith belief that Paul Berge was treated better because of his race and that the KPD was violating a court order related to employment practices.

If you find that Plaintiff has proved his claim, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claim, then you will not consider the question of damages.

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should consider the following type of compensatory damages, and no others:

The physical and mental and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental and emotional pain and suffering or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of these factors. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.

The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

During your deliberations, you must not communicate with or provide information to anyone by any means about this case. You may not use any electronic device or media, such as a smart phone, iPhone, or computer; or the internet or any social media, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

The verdict form reads as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RICHARD BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-2265 |
| | ) | |
| CITY OF KANKAKEE, ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY VERDICT

On Plaintiff's retaliation claim against Defendant we, the jury, find in favor of:

(CHECK ONE) Plaintiff_____ Defendant_____

If you find in favor of Plaintiff, you must determine what damages, if any, Plaintiff suffered. If you find in favor of Defendant you will not award damages.

We find Plaintiff's compensatory damages to be: $_____.

Fill in the date, and each juror must sign the form.

Date:  _____

_____          _____
Presiding Juror

_____          _____

_____          _____

_____          _____